[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 154.]

OFFICE OF DISCIPLINARY COUNSEL *v*. LACOUR.

[Cite as *Disciplinary Counsel v. LaCour*, 2001-Ohio-245.]

*Attorneys at law—Misconduct—Twenty-four-month suspension with final eighteen months of suspension stayed on condition—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Entering into an agreement for, charging, or collecting a clearly excessive fee—Failing to carry out contract of employment—Prejudicing or damaging client during course of professional relationship—Failing to cooperate in disciplinary investigation.*

(No. 00-1563—Submitted October 17, 2000—Decided March 7, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-12.

———————————

*Per Curiam.*

{¶ 1} In September 1988, several, but not all, of the plaintiffs in a pending case in the United States District Court, Southern District of Ohio, engaged respondent, Louis Bernard LaCour of Columbus, Ohio, Attorney Registration No. 0032494, to replace their original counsel. Under his agreement with those plaintiffs, respondent received $18,000 as an advance against fees and expenses, and was to receive a total fee of one-third of the plaintiffs' gross recovery. In addition, the plaintiffs were each to pay an additional $300 to respondent to finance the case.

{¶ 2} In February 1991, the district court dismissed the plaintiffs' case, finding that, even after several extensions of time, they had failed to comply with

discovery orders. When the court denied the plaintiffs' motion to reconsider, respondent filed an appeal with the United States Court of Appeals for the Sixth Circuit. On July 17, 1992, the Sixth Circuit affirmed the dismissal.

{¶ 3} The plaintiffs contend that respondent did not inform them of the dismissal when he met with them in March 1991. In fact, respondent sent a letter to the plaintiffs on July 26, 1991, stating that he had filed an appeal in the case and that he expected a "scheduling order for the submission of briefs shortly." Respondent continued to meet with representatives of the group through 1997, even hiring, in 1995, another attorney to aid in exploring possible causes of action.

{¶ 4} In September 1997, a number of the plaintiffs, who had discovered that their case had been dismissed, confronted respondent, and he then admitted to that fact.

{¶ 5} During the course of his employment, respondent received approximately $48,000 from his clients, $29,329.65 of which was used to pay expenses of the case. Respondent took approximately $20,000 as legal fees during his representation.

{¶ 6} On April 5, 1999, relator, Office of Disciplinary Counsel, filed a two-count complaint alleging that the conduct of respondent violated several rules of the Code of Professional Responsibility. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline ("board"). In addition to respondent's actions and failures to act, the panel found that respondent did not cooperate with relator's efforts to investigate the complaints filed against him by the various plaintiffs.

{¶ 7} The panel concluded that respondent's conduct violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on the fitness to practice law), 2-106(A) (entering into an agreement for, charging,

or collecting a clearly excessive fee), 7-101(A)(2) (failing to carry out a contract entered into with a client), 7-101(A)(3) (prejudicing or damaging a client during the course of a professional relationship), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation).

{¶ 8} The panel heard evidence in mitigation and noted respondent's remorse, his contributions to the community during a long legal career, the fact that no prior disciplinary actions had been brought against him, and his agreement to return $20,000 in legal fees to his clients. The panel recommended that respondent be suspended from the practice of law for twenty-four months with the final eighteen months of the suspension stayed on condition that during the first six months of this suspension respondent fulfill his agreement to return the $20,000. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 9} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for twenty-four months with the final eighteen months of the suspension stayed on condition that during the first six months of this suspension respondent fulfill his agreement to return the $20,000 to his clients. Failure to satisfy this condition will result in reinstatement of the stayed portion of respondent's suspension. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

—————————————

**LUNDBERG STRATTON, J., dissenting**.

{¶ 10} I respectfully dissent and would, instead, impose a more stringent sanction in this case. Respondent's conduct and deceitfulness, and the immense harm to his many clients as a result of the dismissal of their case merits a more serious sanction.

{¶ 11} I would suspend respondent from the practice of law for a period of twenty-four months with twelve months stayed (to which relator and respondent had originally stipulated). I would require respondent to refund the entire amount of money that he accepted from his clients, not just his fee. His neglect and inaction resulted in dismissal of his clients' claims. They should not be penalized for his failures and should at least be refunded all the monies they paid to respondent, including reimbursement for expenses incurred.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *John K. McManus*, Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

———————————